# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C.A. No. 4:19-cv-02043-SAL |
| Plaintiff, | ) ) | |
| and | ) ) | **CONSENT DECREE** |
| TARRELL MONIQUE HUDSON, TIFFANY NICOLE MOULTRIE, SHERMIAH TOWNSEND, and ALONZO COOPER, as Personal Representative of the Estate of SHARON W. COOPER, | ) ) ) ) ) ) ) ) | |
| Plaintiffs-Intervenors, | ) ) | |
| v. | ) ) | |
| HM SOLUTIONS, INC., | ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant HM Solutions, Inc. ("Defendant") discriminated against Tarrell Monique Hudson ("Hudson"), Tiffany Nicole Moultrie ("Moultrie), Shermiah Townsend ("Townsend"), and Sharon Cooper ("Cooper")(collectively, "Plaintiffs-Intervenors") by subjecting them to a hostile work environment based on their sex (female), in violation of Title VII. The Commission's complaint further alleged that Defendant discriminated against Plaintiffs-Intervenors by terminating their employment in retaliation for their complaints about the sexual harassment, also in violation of

1

Title VII. Thereafter, Plaintiffs-Intervenors intervened, through counsel, alleging analogous violations of Title VII. Defendant denies the allegations in both the Complaint and the Complaint in Intervention. The Commission does not disavow the allegations in its Complaint. Likewise, the Plaintiffs-Intervenors do not disavow the allegations in their Complaint in Intervention.

The Commission, Plaintiffs-Intervenors, and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by subjecting them to a sexually hostile work environment.

2.      Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3.   Defendant shall pay the total sum of Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000.00), which includes attorney's fees and costs, in settlement of the claims raised in this action. Payment shall be apportioned as follows:

   a. Ninety-Two Thousand Five Hundred Dollars and Zero Cents ($92,500.00) to Tarrell Monique Hudson;

   b. Ninety-Five Thousand Five Hundred Dollars and Zero Cents ($95,500.00) to Tiffany Nicole Moultrie;

   c. One Hundred and Two Thousand Dollars and Zero Cents ($102,000.00) to Shermiah Townsend; and

   d. Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) to Alonzo Cooper, as Personal Representative of the Estate of Sharon Cooper.

Within fifteen (15) days after the Court approves this Consent Decree, payment shall be made as agreed upon by Defendant and counsel for Plaintiff-Intervenors and shall be sent to Leon Ortner, Esq. at Ortner Law Firm, LLC, 145 King Street, Suite 211, Charleston, South Carolina 29401. Within ten (10) calendar days after payment has been made, Defendant shall send to the Commission a copy of the checks and proof of delivery to Mr. Ortner. Neither the Commission, Defendant, nor counsel for Plaintiffs-Intervenors make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Hudson, Moultrie, Townsend, Alonzo Cooper, or the estate of Sharon Cooper may or may not incur on such payments under local, state and/or federal law.

4.   Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Hudson, Moultrie, Townsend, and Cooper any and all documents, entries, or references of any kind relating to the facts and circumstances which

led to the filing of EEOC Charge Numbers 436-2017-00757, 436-2017-00849, 436-2017-00850, and 436-2017-00851 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall: (a) change all references in its personnel records for Hudson, Moultrie, Townsend, and Cooper from "terminated" to "voluntarily quit"; and (b) change all references in its personnel records for Hudson, Moultrie, and Townsend to indicate each is eligible for rehire. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant agrees that if it receives any inquiry about Hudson, Moultrie, or Townsend from a potential employer, it will provide a neutral reference in response. The neutral reference shall include the respective individual's dates of employment, final rate of pay, and final position held. Further, the neutral reference shall indicate that the respective individual voluntarily separated employment and is eligible for rehire.

6. Defendant shall develop and maintain during the term of this Consent Decree an auditing process that will assist Defendant with identifying and addressing actual or potential sex harassment and actual or potential retaliation at Defendant's client's automotive battery recycling facility in Florence, South Carolina (the "Florence facility"). The auditing process will include, at a minimum, the following:

    a. A requirement that Defendant's Human Resources Manager audit the Florence facility at least one (1) time every six (6) months. In the event the Human Resources Manager is not available to conduct an audit, the audit may be completed under the Human Resources Manager's direct supervision by

      Defendant's Owner and/or any District or Regional Manager. No audit may be conducted by the Florence facility's Account Manager;

b. A requirement that the individual(s) completing the audit use a standard company-approved assessment to determine whether conduct that violates Defendant's sexual harassment policy and/or retaliation policy is occurring or has occurred at the Florence facility;

c. A requirement that the individual(s) completing the audit obtain information from a random sample of at least four (4) employees per audit. The sample shall include: at least one (1) back of house janitor on the morning shift; at least one (1) back of house janitor on the evening shift; at least one (1) front of house janitor on the morning shift; and at least one (1) front of house janitor on the evening shift;

d. A requirement that the individual(s) completing the audit obtain information from all shift leads, all shift supervisors, and the Account Manager;

e. A requirement that the individual(s) completing the audit create and maintain detailed records of each audit, to include at a minimum: (i) date of audit; (ii) identity of each employee participating in the audit; and (iii) a detailed and thorough summary of all information obtained during the audit.

f. A requirement that Defendant thoroughly investigate and remedy all actual or potential sex harassment and/or retaliation identified as a result of each audit, if any.

Complete copies of all records described in paragraph 6(e) shall be stored at Defendant's Greenville, South Carolina corporate headquarters ("Greenville headquarters").

Defendant's auditing process shall be developed and deployed, and the first audit shall be completed within ninety (90) calendar days after entry of this Consent Decree by the Court. Within one-hundred (100) calendar days of the entry of this decree, Defendant shall report compliance to the Commission.

Defendant shall report compliance with the auditing requirements set forth in this paragraph pursuant to the reporting provisions contained in paragraph 11(A), *infra*.

7.   Defendant has in place a policy on sexual harassment and retaliation, a copy of which has been provided to the Commission. Within forty-five (45) days of the entry of this Consent Decree, Defendant shall revise its policy to include the following

   a. In the general information on harassment, an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment, discrimination, and retaliation; and

   b. In the complaint procedure:

      i. a dedicated telephone number and dedicated email address for making complaints of or reporting harassment, both of which shall be monitored by Defendant; and

      ii. a statement that all complaints will be investigated regardless of whether they are made utilizing Defendant's "Complaint Forms" or within the proscribed three-day reporting period.

Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall distribute a copy of the revised sexual harassment and retaliation policy to all current employees. Defendant shall report compliance with this paragraph within sixty (60) days of the entry of this Consent Decree.

Defendant shall maintain its revised policy, or other similar policy as may be revised or updated as appropriate, throughout the term of this decree.  Defendant shall ensure that any revision or update to Defendant's policy includes the requirements of Title VII and its prohibition against sexual harassment and retaliation and the information described in paragraph 7, above.  Any revision to Defendant's policy, other than a revision to correct non-substantive errors, shall be distributed to all employees within thirty (30) days after the policy has been revised. Within forty-five (45) days after any revision or update to Defendant's policy, Defendant shall report compliance with the requirements of this provision to the Commission.  During the term of this Consent Decree, Defendant shall distribute its then current policy to all new employees and review it with them at the time of hire.

8.    During the term of this Consent Decree, Defendant shall post a copy of the current sexual harassment and retaliation policy described in paragraph 7, above, in a place where it is visible to employees at the following locations: (a) Defendant's office at the Florence facility, and (b) Defendant's Greenville headquarters. If any policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within sixty (60) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9.    During the term of this Consent Decree, Defendant shall provide an annual training program to the following: (a) all individuals employed at Defendant's Greenville headquarters; (b) all Account Managers and Shift Supervisors employed at the Florence facility; and (c) all of Defendant's employees currently working at the Florence facility.  Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall

also include an explanation of Defendant's then current sexual harassment and retaliation policy referenced in paragraph 7 above and an explanation of the rights and responsibilities of employees, managers and supervisors under the policy.

The first training program for both Greenville headquarters employees and Florence facility employees shall be completed within ninety (90) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10.    Beginning within thirty (30) days after the entry of this Consent Decree by the Court and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at Defendant's Greenville headquarters. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notices have been posted pursuant to this provision.

Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall distribute a paper copy of the Employee Notice to all Account Managers, Shift Supervisors, and employees currently working at the Florence facility. Defendant shall report compliance with this paragraph within sixty (60) days of the entry of this Consent Decree.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information regarding the audit process described at paragraph 6, *supra*:

    A. A copy of all records created in connection with said audits; and

    B. The full name, last-known address, last-known phone number, and last-known email address of each individual who participated in each audit performed during the reporting period.

The reports will further include the following information regarding complaints of sexual harassment and/or retaliation:

    C. The identities of all individuals who have complained of sex-based conduct or comments and/or retaliation to Defendant, including by way of identification each person's full name, last-known address, last-known phone number, and last-known email address;

    D. For each individual identified in paragraph 11(C), above, the name and job title of the person whose conduct or comments were the subject of the complaint, the date of the complaint, the name of the individual to whom the individual complained, a detailed description of the conduct or comments complained of, and a detailed description of any action Defendant took in response to the complaint; and

    E. For each individual identified paragraph 11(C), above, a statement whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time), and a detailed explanation for any employment status change.

Defendant shall provide the social security number of an individual identified in response to paragraphs 11(B) and 11(C) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

9

12. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, upon three (3) business days notice by the Commission, interview employees employed at Defendant's Greenville headquarters and examine and copy documents stored at Defendant's Greenville headquarters. The Commission may inspect Defendant's Greenville headquarters for compliance with the posting provisions contained in paragraphs 8 and 10, above, without notice. With respect to interviewing employees of Defendant currently employed at the Florence facility, Defendant shall produce all employees identified by the Commission for interview at a mutually-agreeable location within three (3) business days of notification by the Commission. With respect to examining and copying documents stored at the Florence facility, Defendant shall produce all requested documents to EEOC-CTDO-decree-monitoring@eeoc.gov within three (3) business days of notification by the Commission.

13. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Kevin Pruett at kpruett@hmsolutionsinc.net. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall

notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. The matter is dismissed with each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

5/1/2020  
Date

/s/Sherri A. Lydon  
Honorable Sherri A. Lydon  
U.S. District Judge

11

The parties jointly request that the Court approve and enter the Consent Decree:

DATED this the 27th day of April, 2020.

| **Respectfully submitted:** | **With Consent:** |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **HM SOLUTIONS, INC.** |
| | *s/ Giles M. Schanen, Jr.* |
| SHARON FAST GUSTAFSON<br>General Counsel<br>131 M Street, NE<br>Washington, DC 20507 | GILES M. SCHANEN, JR.<br>Nelson Mullins Riley & Scarborough LLP<br>2 West Washington Street, Suite 400<br>Greenville, SC 29601 |
| JAMES L. LEE<br>Deputy General Counsel | **ATTORNEYS FOR DEFENDANT** |
| | and |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | **TARRELL MONIQUE HUDSON, TIFFANY NICOLE MOULTRIE, SHERMIAH TOWNSEND, and ALONZO COOPER, as Personal Representative of the Estate of SHARON W. COOPER** |
| LYNETTE A. BARNES<br>Charlotte District Office Regional Attorney | |
| KARA GIBBON HADEN<br>Supervisory Trial Attorney | *s/ Leon Martin Ortner* |
| | LEON MARTIN ORTNER |
| *s/ Rachael S. Steenbergh-Tideswell* | Ortner Law Firm, LLC |
| RACHAEL S. STEENBERGH-TIDESWELL<br>South Carolina Federal Bar No. 10867<br>Senior Trial Attorney<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (980) 296-1274<br>Facsimile: (704) 954-6412<br>Email: rachael.steenbergh@eeoc.gov | 145 King Street Suite 211<br>Charleston, SC 29401<br>Telephone: (843) 723-2944<br>Facsimile: (843) 556-5755<br>Email: lee@ortnerlawfirm.com |
| | **ATTORNEY FOR PLAINTIFFS-INTERVENORS** |
| **ATTORNEYS FOR PLAINTIFF** | |

**CONSENT DECREE EXHIBIT A**
*EEOC et al. v. HM Solutions, Inc.*, C.A. No. 4:19-cv-02043-SAL-KDW

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** </br> Plaintiff, </br></br> v. </br></br> **HM SOLUTIONS, INC.,** </br> Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 4:19-cv-02043-SAL </br></br> **EMPLOYEE NOTICE** |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and HM Solutions, Inc. ("HM Solutions") in a case of discrimination based on sex. Specifically, the EEOC alleged HM Solutions discriminated against Tarrell Monique Hudson, Tiffany Nicole Moultrie, Shermiah Townsend, and Sharon Cooper by subjecting them to a sexually hostile work environment and discharging them in retaliations for their complaints about the harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex (**including sexual harassment**), national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  HM Solutions will comply with such federal law in all respects. Furthermore, HM Solutions will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

**CONSENT DECREE EXHIBIT A**
*EEOC et al. v. HM Solutions, Inc.*, C.A. No. 4:19-cv-02043-SAL-KDW

TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL: _____, 2022.**